UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHELLE M. WILLIAMS                      CIVIL ACTION

VERSUS                                    NO: 15-5258

EAN HOLDINGS, LLC, ET AL.                 SECTION: "J"(3)


## ORDER AND REASONS

Before the Court is a *Motion to Remand* **(Rec. Doc. 6)** filed by Plaintiff Michelle M. Williams ("Plaintiff") and oppositions thereto (Rec. Doc. 9; Rec. Doc. 10) filed by Defendants EAN Holdings, LLC and Christopher W. Woodworth ("Defendants"). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

## FACTS AND PROCEDURAL BACKGROUND

This litigation derives from a May 31, 2014 motor vehicle accident, in which Plaintiff sustained injuries. (Rec. Doc. 1, at 2.) Plaintiff filed suit in Civil District Court for the Parish of Orleans against Woodworth, the driver of the other car in the accident, and EAN Holdings, the owner of the vehicle driven by Woodworth. (Rec. Doc. 1-2, at 1.) Plaintiff specifically alleged that her claim exceeded $75,000 and claimed damages including mental and physical pain and suffering, disability, medical expenses, loss of enjoyment of life, loss of use and/or function of body parts, loss of earning capacity, impairment of

1

psychological functioning, loss of support, loss of society, loss of consortium, and "any and all damages proven at the trial of this matter." (Rec. Doc. 1-2, at 2-3.)

On September 18, 2015, Defendants received Plaintiff's responses to requests for admissions, in which Plaintiff stated again that her claim exceeded $75,000. (Rec. Doc. 9, at 3.) On October 5, Defendants received copies of Plaintiff's medical records, as well as Plaintiff's answers to interrogatories, in which she described her injuries. *Id.* Based on this information about Plaintiff's damages, Defendants filed a notice of removal in this Court on October 19, 2015. (Rec. Doc. 1.) Defendants asserted that the federal courts have subject matter jurisdiction over Plaintiff's claim based on United States Code, Title 28, Section 1332. According to Defendants, Plaintiff's discovery responses revealed that the amount in controversy exceeded $75,000, making removal appropriate at that time.

On October 30, 2015, Plaintiff filed the instant Motion to Remand. (Rec. Doc. 6.) Defendants opposed this motion on November 10. (Rec. Doc. 9; Rec. Doc. 10.)

## PARTIES' ARGUMENTS

The parties dispute the timeliness of removal. Plaintiff asserts that her original petition for damages, filed on May 26, 2015, affirmatively alleged that the amount in controversy exceeded $75,000. Because Defendants failed to remove the action

2

within the requisite thirty days from service of the petition, Plaintiff argues that removal is untimely and her Motion to Remand should be granted. However, Defendants contest the sufficiency of Plaintiff's allegations in her petition. According to Defendants, Plaintiff's allegations were vague, and she did not provide documentation in support of her contention that the amount in controversy exceeded $75,000. Thus, Defendants claim that they were uncertain about whether the federal amount in controversy requirement was satisfied until they received Plaintiff's discovery responses. Because Defendants filed their Notice of Removal within thirty days of receiving the responses, they claim that removal was timely.

## **LEGAL STANDARD**

A defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). The district courts have original jurisdiction over cases involving citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interest or costs. 28 U.S.C. § 1332(a)(1). The removing party bears the burden of proving by a preponderance of the evidence that federal jurisdiction exists at the time of removal. *DeAguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). The jurisdictional facts supporting removal are examined as of the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

Ambiguities are construed against removal and in favor of remand, because removal statutes are to be strictly construed. *Manguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002).

The procedure for removal of civil actions derives from United States Code Title 28, Section 1446. Section 1446(b) provides that the notice of removal "shall be filed within [thirty] days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading" if such initial pleading indicates that the civil action is removable. 28 U.S.C. § 1446(b)(1). If it only becomes clear that the action is removable after receipt of "an amended pleading, motion, order or other paper," then the notice of removal "may be filed within [thirty] days [of] receipt" of that document. *Id.* § 1446(b)(3).

The United States Court of Appeals for the Fifth Circuit has held that the initial pleading triggers "the thirty-day removal period under [Section 1446(b)(1)] only where the initial pleading 'affirmatively reveals on its face that the that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court.'" *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 399 (5th Cir. 2013) (quoting *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992)) (emphasis in original). The Fifth Circuit has "specifically declined to adopt a rule [that] would expect defendants to 'ascertain[] from the circumstance[s] and the initial pleading that the [plaintiff] was seeking damages in excess

of the minimum jurisdictional amount.'" *Id.* (brackets in original). The Fifth Circuit espouses a bright line rule under which the plaintiff must include in the initial pleading either the exact damages amount or "a specific allegation that damages are in excess of the federal jurisdictional amount" to trigger the removal clock. *Id.* at 399 (quoting *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 210 (5th Cir. 2002)).

## DISCUSSION

Plaintiff argues that the thirty-day removal clock began running when Defendants were served with her petition for damages. Plaintiff is correct. Her petition affirmatively alleges, "Petitioner's claim exceeds $75,000." (Rec. Doc. 1-2, at 3.) Thus, for removal to be timely, Defendants needed to file a Notice of Removal within thirty days of service of the petition. They did not do so.

The case cited by Defendant Woodworth, *Brown v. Richard*, does not hold to the contrary. *See* No. 00-1982; 2000 WL 1653835 (E.D. La. Nov. 2, 2000) (Vance, J.). In *Brown*, the plaintiff's petition claimed the following damages: "injuries to her neck, back, body, and mind including: past and future mental aguish [sic] and physical suffering; past and future expenses for medical care; expenses for transportation to and from health care providers; past and future loss of earnings; impaired earning capacity; and property damage to her vehicle." *Id.* at *3. Because these

allegations did not reveal the extent of the plaintiff's damages, the court held the removal clock did not begin running when the defendant was served with the petition. *Id.* at \*4. However, the plaintiff's petition did not affirmatively allege that the value of her claim exceeded the federal minimum. Thus, *Brown* is distinguishable from the instant case. Likewise, the case cited by Defendant EAN Holdings, *Simon v. Wal-Mart Stores, Inc.*, is distinguishable from the instant case for the same reason. 193 F.3d 848, 850-851 (5th Cir. 1999).

Defendants argue that they could not have removed the case based only on the petition because they had not received any documentation from Plaintiff showing that the amount in controversy was satisfied. It is true that the removing party has the burden of proving that federal subject matter jurisdiction exists. *DeAguilar*, 47 F.3d at 1408. However, "[u]nless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). When a plaintiff affirmatively alleges the amount in controversy, a federal court should only decline jurisdiction if it appears "to a legal certainty that the claim is really for less than the jurisdictional amount." *Id.* at 289. Thus, if Defendants had timely removed the case, they could have relied on Plaintiff's apparently good-faith assertions about the amount in controversy. If

Plaintiff had sought a remand at that time, she would have carried the burden of showing to a legal certainty that the amount in controversy was not satisfied.

Defendant EAN Holdings also contends that the allegations in Plaintiff's petition are contradictory, rendering the amount in controversy uncertain. In her petition, Plaintiff "reserved her right to a trial by jury on all issues, but she did not ask for a jury trial[,] nor did she pay the appropriate filing fee . . . ." (Rec. Doc. 10, at 1.) In Louisiana, the parties are not entitled to a trial by jury unless the value of the plaintiff's claim exceeds $50,000. EAN Holdings argues that Plaintiff's failure to request a jury trial contradicts her assertion that her claim exceeds $75,000. Defendant suggests that Plaintiff did not request a jury trial because her claim did not even meet the $50,000 Louisiana requirement. Defendant's argument lacks merit. Plaintiff's attorney may have decided to forego a jury trial for strategic reasons. Plaintiff's failure to request a jury trial does not imply that her claim does not exceed $50,000.

Plaintiff's petition clearly stated that the amount in controversy was satisfied, and Defendants failed to remove the case within thirty days of service of the petition. Thus, Defendants' removal is untimely, and Plaintiff's Motion to Remand must be granted.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's *Motion to Remand* **(Rec. Doc. 6)** is **GRANTED**.

New Orleans, Louisiana this 13th day of November, 2015.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE